# United States District Court

for the
Southern District of Texas
Houston Division

United States Courts
Southern District of Texas
**FILED**

OCT 2 8 2025

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| Ward Schurman Larkin,<br>  Pro Se Plaintiff<br><br>v.<br><br>Harris County,<br>  Defendant #1, | § § § § § § | Case Number |

Teneshia Hudspeth, Harris County Clerk,
  Defendant #2 in her official capacity and in her individual capacity,

John Resat Karpiuk, Harris County Precinct 0615 Election Center Judge,
  Defendant #3 in his official capacity and in his individual capacity.

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
No Jury Trial

### Parties to This Complaint

1. The Plaintiff, filing Pro Se.

    Ward Schurman Larkin
    15327 Pebble Bend Drive
    Houston, Texas  77068-1839
    Mobile Telephone  281-814-0308
    Email Address  ward@excitatio.com

2. Defendant #1,  
    Harris County, Texas

Serve with Process to  
    Lina Hidalgo  
    Harris County Judge  
    1001 Preston St, Suite 911  
    Houston TX 77002

3. Defendant Harris County, Texas is a political subdivision of the State of Texas, organized and existing under the laws of the State. Harris County operates and administers the Office of the County Clerk and is responsible for establishing and implementing policies, practices, and procedures for its employees, including the County Clerk and staff.

4. Plaintiff alleges that Harris County maintained policies, customs, or practices — including a failure to train, supervise, or discipline its employees properly — that resulted in the deprivation of Plaintiff's constitutional rights under color of state law, in violation of 42 U.S.C. § 1983.

5. Defendant #2 in her official and in her individual capacity,

    Teneshia Hudspeth, Harris  
      County Clerk  
    201 Caroline St. Suite 460  
    Houston TX 77002  
    Phone: 713-274-8600

Serve with Process to  
    Lina Hidalgo  
    Harris County Judge  
    1001 Preston St, Suite 911  
    Houston TX 77002

6. Defendant, Teneshia Hudspeth, at all relevant times, was the duly elected County Clerk of Harris County, Texas, acting under color of state law and within the scope of her official duties.

7. Plaintiff sues Defendant Teneshia Hudspeth in both her individual capacity and her official capacity. In her individual capacity, Defendant is liable for actions and inactions personally taken that violated Plaintiff's clearly established constitutional rights. In her official capacity, this suit is treated as one against Harris County itself.

8. Defendant #3 in his official and in his individual capacity,

> John Resat Karpiuk, a Harris County Election Center Judge
> unknown address
> unknown telephone number
>
> Serve with Process to
> Lina Hidalgo
> Harris County Judge
> 1001 Preston, Suite 911
> Houston TX  77002

9. Defendant, John Resat Karpiuk, at all relevant times, was the duly appointed Harris County, Texas Precinct 0615 Election Center Judge at Wells Middle School Auxiliary Gym Room, 4033 Gladeridge Dr, Houston, Texas. John Resat Karpiuk was acting under color of state law and within the scope of his official duties.

10. Plaintiff sues Defendant John Resat Karpiuk in both his individual capacity and his official capacity. In his individual capacity, Defendant is liable for actions

and inactions personally taken that violated Plaintiff's clearly established constitutional rights. In his official capacity, this suit is treated as one against Harris County itself.

Basis for Jurisdiction

11. This action arises under the Constitution and laws of the United States of America, including 42 U.S.C. § 1983.

12. No federal officials are being sued.

13. Each Defendant violated Plaintiff's rights under 14th Amendment "equal protection of the laws". John Resat Karpiuk, Defendant #3, also violated Plaintiff's rights under First Amendment "freedom of speech", and 14th Amendment "due process of law".

14. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1343.

15. Venue lies in this Court under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in Harris County, Texas, within the Southern District of Texas.

16. This Court has supplemental jurisdiction over any related state-law claims that may arise from the same nucleus of operative facts under 28 U.S.C. § 1367.

17. Defendant, Teneshia Hudspeth, at all relevant times, was the duly elected County Clerk of Harris County, Texas, acting under color of state law and within the scope of her official duties.

18. Defendant, John Resat Karpiuk, at all relevant times, was the duly appointed Harris County, Texas Precinct 0615 Election Center Judge at Wells Middle School Auxiliary Gym Room, 4033 Gladeridge Dr, Houston, Texas. John Resat Karpiuk was acting under color of state law and within the scope of his official duties.

## Statement of Claims

### First Claim
### Against Each Defendant
### 42 U.S.C. § 1983 re Violation of Constitutional Rights to Equal Protection

19. On or about November 7, 2023 Plaintiff was not allowed to vote at his neighborhood Harris County Precinct 0615 Election Center at Wells Middle School Auxiliary Gym Room, 4033 Gladeridge Drive, Houston TX 77068.

20. Plaintiff has been registered to vote in Harris County, Texas associated with his current residence since 1989. Plaintiff has voted at this same Harris County Precinct 0615 Election Center since 1989.

21. Plaintiff arrived at this Harris County Precinct 0615 Election Center at about 1:30pm and stood in line. When it was his turn he approached two female

election staff seated at a table. Plaintiff does not know the names of these two women. They immediately demanded Plaintiff to provide his Texas Driver License. Plaintiff instead provided his U.S. Passport. These two election staff again demanded to see Plaintiff's Texas Driver License.

22. Plaintiff only had his passport for Photo ID. He also had his Harris County Voter Registration Certificate, a copy of his certified birth certificate, a recent utility bill and a printout of the Texas Voter PhotoID law. Plaintiff had walked to this Election Center from his home. He did not carry his wallet or carry his mobile telephone.

23. The two female election staff took Plaintiff's U.S. Passport. They worked on a computer in front of them for a short time, then told Plaintiff he wasn't registered to vote.

24. Plaintiff tried to show the two female election staff his Harris County Voter Registration Certificate. They refused to look at it. The two female elections staff again demanded to see Plaintiff's Texas Driver License.

25. The two female election staff once again worked on the computer in front of them. Once again they told Plaintiff that he wasn't registered to vote. Once again they refused to look at his Harris County Voter Registration Certificate.

26. John Resat Karpiuk, Harris County Precinct 0615 Election Center Judge, approached Plaintiff and asked if Plaintiff had registered to vote recently. Plaintiff said that he'd been registered to vote at his current residence since 1989.

27. For a third time the two female election staff worked on the computer in front of them. Again they said that Plaintiff wasn't registered to vote. Again they refused to look at his Harris County Voter Registration Certificate.

28. John Resat Karpiuk told Plaintiff that Plaintiff presented irregular photoID documentation. Plaintiff offered to show John Resat Karpiuk his printout of the Texas Voter PhotoID law. John Resat Karpiuk refused to look at the printout and accused Plaintiff of being a troublemaker.

29. John Resat Karpiuk said that Plaintiff would not be allowed to vote. Plaintiff left the Harris County Precinct 0615 Election Center and walked to his home.

30. The two female election staff never asked anyone for help. John Resat Karpiuk and the two female election staff never telephoned the Harris County Clerk's Office to ask for help. John Resat Karpiuk and the two female election staff did not allow Plaintiff the opportunity to cast a provisional ballot.

31. When Plaintiff arrived at his home he telephoned the Harris County Clerk's Office. The woman with whom Plaintiff spoke asked for all of the material

information, and asked Plaintiff the return to that Harris County Election Center after 3 hours. This woman said that she needed some time to make some phone calls in order to correct the problem.

32. Plaintiff returned to the Harris County Precinct 0615 Election Center at about 4:30pm. As soon as John Resat Karpiuk saw Plaintiff inside the Election Center, John Resat Karpiuk threatened Plaintiff with arrest for trespassing if Plaintiff didn't immediately leave the Election Center.

33. Plaintiff left the Election Center, moved more than 100 feet from the door to the Election Center, and Plaintiff telephoned the Harris County Clerk's Office.

34. The people with whom Plaintiff spoke this second time gave him no meaningful assistance. One person on the telephone said that John Resat Karpiuk thought Plaintiff was rude. Another person on the telephone said she would call Plaintiff back, but she didn't call Plaintiff back.

35. Many of that Harris County Precinct 0615 Election Center staff onsite at on about 1:30pm and on about 4:30pm saw and heard what happened. Plaintiff doesn't know any of these other Election Center staff by name.

36. Harris County (Defendant #1) maintained policies, customs, or practices — including a failure to train, supervise, or discipline its employees properly — that resulted in the deprivation of Plaintiff's Equal Protection Constitutional Rights.

37. Harris County Clerk Teneshia Hudspeth (Defendant #2) maintained policies, customs, or practices — including a failure to train, supervise, or discipline her employees properly — that resulted in the deprivation of Plaintiff's Equal Protection Constitutional Rights.

38. John Resat Karpiuk (Defendant #3), duly appointed Harris County Precinct 0615 Election Center Judge, maintained policies, customs, or practices — including a failure to train, supervise, or discipline Precinct 0615 Election Center staff — that resulted in the deprivation of Plaintiff's Equal Protection Constitutional Rights.

Second Claim
Against Defendant #3, John Resat Karpiuk
42 U.S.C. § 1983 re Violation of Constitutional Right to Due Process

39. Plaintiff realleges the facts set forth above in the First Claim.

40. By unilaterally denying Plaintiff his Right to Vote, John Resat Karpiuk's conduct rose to the level of fundamentally unfair. John Resat Karpiuk did not ask anyone if he could deny Plaintiff his Right to Vote. John Resat Karpiuk did not

ask anyone if he could deny Plaintiff the opportunity to cast a Provisional Ballot. John Resat Karpiuk acted on his own and only on his own.

## Third Claim
### Against Defendant #3, John Resat Karpiuk
### 42 U.S.C. § 1983 re Violation of Constitutional Right to Freedom of Speech

41. Plaintiff realleges the facts set forth above in the First Claim.

42. After Plaintiff offered to show John Resat Karpiuk a printout of the Texas PhotoID law, John Resat Karpiuk called Plaintiff a troublemaker and then promptly denied Plaintiff his Right to Vote. Plaintiff alleges that John Resat Karpiuk retaliated against Plaintiff because of Plaintiff's speech.

## Injuries

43. Plaintiff sustained no injuries related to the events alleged above.

## Relief

44. Grant punitive damages against each Defendant in an amount that this Court seems proper and just.

45. Grant any and all other relief this Court may deem appropriate.

I, Ward Schurman Larkin, agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Respectfully Submitted,

Date of Signing: __10-28-2025__

Signature of Plaintiff __Ward Larkin__

Printed Name of Plaintiff __WARD LARKIN__