**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **WARD SCHURMAN LARKIN**, | § | |
| *Plaintiff, pro se,* | § | |
| **v.** | § | |
| | § | |
| **HARRIS COUNTY**; **TENESHIA** | § | Civil Action 4:25-cv-05133 |
| **HUDSPETH, Harris County Clerk,** | § | |
| in her official and individual capacities; and | § | **JURY DEMANDED** |
| **JOHN RESAT KARPIUK, Harris County** | § | |
| **Precinct 0615 Election Center Judge,** | § | |
| in his official and individual capacities, | § | |
| *Defendants.* | § | |

<u>**DEFENDANTS HARRIS COUNTY AND HARRIS COUNTY CLERK TENESHIA HUDSPETH'S**</u>
<u>**MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT**</u>

COMES NOW Harris County and Harris County Clerk Teneshia Hudspeth (hereinafter "Clerk Hudspeth") and file this Motion to Dismiss Plaintiff's Original Complaint, (Dkt. No. 1), pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. In support of said motion, Defendants would respectfully show the Court as follows:

# TABLE OF CONTENTS

Table of Contents ................................................................................................ ii

Table of Authorities.............................................................................................iii

Statement of the Nature and Stage of Proceedings ...........................................1

Statement of the Issues to be Ruled upon by the Court ....................................1

Summary of the Argument...................................................................................2

Introduction and Background ..............................................................................3

Argument and Authorities...................................................................................4

    I.     Rule 12(b)(1) Motion: Plaintiff's claims against Harris County and Clerk Hudspeth should be dismissed for lack of subject-matter jurisdiction. ...................4

        A.    Plaintiff lacks standing.............................................................................4

            1.    Plaintiff does not allege an injury-in-fact. ......................................5

            2.    Plaintiff has not alleged causation. .................................................6

            3.    Plaintiff has not alleged redressability. ..........................................8

    II.    Rule 12(b)(6) Motion: Plaintiff fails to state a claim upon which relief can be granted.....................................................................................................10

        A.    Plaintiff fails to state a claim under the Equal Protection Clause..............10

        B.    Plaintiff fails to state a claim under 42 U.S.C. § 1983..............................11

            1.    Plaintiff's theory of liability against Harris County and Clerk Hudspeth in her official capacity fails under Monell.....................12

        C.    Plaintiff fails to state a cause of action against Clerk Hudspeth in her individual capacity. .................................................................................13

            1.    Plaintiff has not shown any waiver of Clerk Hudspeth's qualified immunity. .......................................................................14

Conclusion .........................................................................................................15

Certificate of Service .........................................................................................16

Certificate of Conference ...................................................................................16

## TABLE OF AUTHORITIES

**Cases**

*Allen v. Wright,*
    468 U.S. 737 (1984) ................................................................................... 9

*Alton v. Tex. A & M Univ.,*
    168 F.3d 196 (5th Cir. 1999) ................................................................... 13

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ........................................................................... 10, 12

*Barber v. Bryant,*
    860 F.3d 345, 352 (5th Cir. 2017). ........................................................... 2

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ................................................................................. 10

*Broyles v. Texas,*
    618 F. Supp. 2d 661 (S.D. Tex. 2009), *aff'd*, 381 Fed. App'x 370 (5th Cir. 2010). ...... 2, 11, 12

*Canton v. Harris,*
    489 U.S. 378 (1989) ................................................................................. 13

*Cinel v. Connick,*
    15 F.3d 1338 (5th Cir. 1994) ..................................................................... 6

*City of Newport v. Fact Concerts, Inc.,*
    453 U.S. 247 (1981) ................................................................................... 9

*Club Retro, L.L.C. v. Hilton,*
    568 F.3d 181 (5th Cir. 2009) ................................................................... 14

*Collins v. Morgan Stanley Dean Witter,*
    224 F.3d 496 (5th Cir. 2000) ................................................................... 10

*Connick v. Thompson,*
    563 U.S. 51 (2011) ................................................................................... 12

*Cornerstone Christian Sch. v. Univ. Interscholastic League,*
    563 F.3d 127 (5th Cir. 2009) ..................................................................... 4

*Davis v. Bayless,*
    70 F.3d 367 (5th Cir. 1995) ....................................................................... 6

*Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys,*
    675 F.3d 849 (5th Cir. 2012) (en banc). ................................................. 10

*Downstream Envtl., L.L.C. v. Gulf Coast Waste Disposal Auth.,*
    No. H-05-1865, 2006 WL 1875959 (S.D. Tex. July 5, 2006) .................... 9

*Ford v. NYLCare Health Plans of Gulf Coast, Inc.,*

301 F.3d 329 (5th Cir. 2002) ............................................................................................ 4, 5

*Funk v. Stryker Corp.*,
631 F.3d 777 (5th Cir. 2011) ............................................................................................... 6

*Gibson v. Texas Dep't of Ins.*,
700 F.3d 227 (5th Cir. 2012) ............................................................................................ 11

*Grandstaff v. City of Borger*,
767 F.2d 161 (5th Cir. 1985) ............................................................................................ 13

*Griffin v. Burns*,
570 F.2d 1065 (1st Cir. 1978) .......................................................................................... 11

*Harlow v. Fitzgerald*,
457 U.S. 800 (1982) .......................................................................................................... 14

*Haverkamp v. Linthicum*,
6 F.4th 662 (5th Cir. 2021) (per curiam). ...................................................................... , 4

*Herschberger v. Lumpkin*,
No. CV-H-18-2550, 2022 WL 4454392 (S.D. Tex. Sept. 21, 2022) .................................. 14

*Hudgens v. Allstate Tex. Lloyd's*,
No. H-11-2716, 2011 WL 6012602 (S.D. Tex. Dec. 1, 2011) .............................................. 6

*In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*,
668 F.3d 281 (5th Cir. 2012) .............................................................................................. 4

*Johnson v. Hood*,
430 F.2d. 610 (5th Cir. 1970) ........................................................................................... 12

*Kentucky v. Graham*,
473 U.S. 159 (1985) ....................................................................................................... 9, 12

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*,
594 F.3d 383 (5th Cir. 2010) ........................................................................................... 10

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992) ................................................................................................. 4, 5, 6, 9

*Monell v. Dep't of Soc. Services of City of New York*,
436 U.S. 658 (1978) .................................................................................................. 2, 9, 12

*Montoya v. FedEx Ground Package Sys., Inc.*,
614 F.3d 145 (5th Cir. 2010) ........................................................................................... 12

*Oliver v. Scott*,
276 F.3d 736 (5th Cir. 2002) ........................................................................................... 13

*Physician Hosps. of Am. v. Sebelius*,
691 F.3d 649 (5th Cir. 2012) ............................................................................................. 4

*Powers v. Northside Indep. Sch. Dist.*,

951 F.3d 298 (5th Cir. 2020) ............................................................................ 14

*Simon v. Eastern Ky. Welfare Rts. Org.*,
　426 U.S. 26 (1976) .................................................................................... 6, 9

*Smith v. Wade*,
　461 U.S. 30 (1983) ......................................................................................... 9

*Spokeo, Inc. v. Robins*,
　578 U.S. 330 (2016) ........................................................................................

*Terwilliger v. Reyna*,
　4 F.4th 270 (5th Cir. 2021) ........................................................................ 14

*Thompkins v. Belt*,
　828 F.2d 298 (5th Cir. 1987) ...................................................................... 13

*Thompson v. Steele*,
　709 F.2d 381 (5th Cir. 1983), *cert. denied*,  464 U.S. 897 (1983) ........................................ 13

*Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*,
　454 U.S. 464 (1982) ...................................................................................... 6

*Vill. of Willowbrook v. Olech*,
　528 U.S. 562 (2000) ..................................................................................... 11

*Waller v. Hanlon*,
　922 F.3d 590 (5th Cir. 2019). ..................................................................... 10

*Warth v. Seldin*,
　422 U.S. 490 (1975) ...................................................................................... 5

*Welch v. McKenzie*,
　765 F.2d 1311 (5th Cir. 1985). .............................................................. 11, 12

**Statutes**

TEX. ELEC. CODE § 43.007 ................................................................................ 5

TEX. ELEC. CODE § 63.001 ................................................................................ 8

TEX. ELEC. CODE §§ 31.005, .006 .................................................................. 12

TEX. ELEC. CODE §§ 32.001 et seq. ............................................................. 7, 8

**Other Authorities**

3 JOSEPH G. COOK & JOHN L. SOBIESKI, JR., CIVIL RIGHTS ACTIONS § 8.04[E] (2008) ............. 11

Tex. Att'y Gen. Op. No. C-792 (1966). ........................................................... 8

**Rules**

FED. R. CIV. P. 12(b)(1) ............................................................. i, 1, 2, 4, 15

FED. R. CIV. P. 12(b)(6) ...................................................................... passim

## STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

Plaintiff Ward Schurman Larkin sues Defendants Harris County; Clerk Hudspeth, in her official and individual capacities; and Harris County Election Judge John Resat Karpiuk (hereinafter "Karpiuk"), in his official[1] and individual capacities, alleging that Defendants violated Plaintiff's right to "vote at his neighborhood" election center in the November 7, 2023 general election. (Dkt. No. 1 at ¶ 19).

Plaintiff asserts one claim against Harris County and Clerk Hudspeth under 42 U.S.C. § 1983: that Harris County and Clerk Hudspeth "maintained policies, customs, or practices—including a failure to train, supervise, or discipline [their] employees properly—that resulted in the deprivation of Plaintiff's Equal Protection Constitutional Rights." (Dkt. No. 1 at ¶¶ 4, 11, 19, 36–37). Plaintiff asserts that "Plaintiff sustained no injuries" related to his allegations and Plaintiff seeks "punitive damages" and "any and all other relief this Court may deem appropriate." (Dkt. No. 1 at ¶¶ 43–45).

Harris County and Clerk Hudspeth file this Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6), and request this Court dismiss Plaintiff's claims for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted.

## STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT

The issue presented is whether Plaintiff has met his burden to allege a plausible set of facts to establish jurisdiction to avoid dismissal under FED. R. CIV. P. 12(b)(1), *see, e.g.*, *Haverkamp v. Linthicum*, 6 F.4th 662, 668–69 (5th Cir. 2021) (per curiam), where he has not alleged injury-in-

---

[1] Plaintiff asserts in conclusory fashion that his official capacity claims against Karpiuk are to be "treated as [claims] against Harris County itself," (Dkt. No. 1 at ¶ 10), but he does not allege any facts to plausibly support that assertion, such as facts demonstrating that Karpiuk is an employee of Harris County. Even if Plaintiff's official capacity claims against Karpiuk could be treated as claims against the County, those claims should be dismissed for the same reasons referenced *infra*.

fact, causation, or redressability.

Additionally presented is whether Plaintiff has stated a claim upon which relief can be granted to avoid dismissal under FED. R. CIV. P. 12(b)(6), where Plaintiff:

- Fails to state essential elements of an Equal Protection Clause claim;

- Fails to state essential elements of a claim under 42 U.S.C. § 1983, including a failure to overcome *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658 (1978); and

- Fails to state a cause of action against Clerk Hudspeth in her individual capacity where Plaintiff alleges no personal involvement of Clerk Hudspeth and fails to show waiver of Clerk Hudspeth's qualified immunity.

### SUMMARY OF THE ARGUMENT

**I. Rule 12(b)(1) motion.** Plaintiff's claims should be dismissed for lack of subject matter jurisdiction. Plaintiff lacks standing. Plaintiff has no injury-in-fact; fails to show a causal connection between any injury and the conduct of Harris County or Clerk Hudspeth; and fails to show that any injury would be redressable by a favorable decision. *See, e.g.*, *Barber v. Bryant*, 860 F.3d 345, 352 (5th Cir. 2017).

**II. Rule 12(b)(6) motion.** Plaintiff fails to state a claim upon which relief can be granted. He fails to demonstrate a class in which Plaintiff was allegedly not given equal protection to support his Equal Protection Clause claim. Plaintiff fails to present an actionable claim under 42 U.S.C. § 1983 in that "courts faced with claims that election irregularities violated due process and equal protection rights 'have uniformly declined to endorse action under [42 U.S.C.] § 1983 with respect to garden variety election irregularities.'" *Broyles v. Texas*, 618 F. Supp. 2d 661, 693–94 (S.D. Tex. 2009), *aff'd*, 381 Fed. App'x 370 (5th Cir. 2010) (cleaned up). Plaintiff fails to identify a policy or custom adopted by Harris County or Clerk Hudspeth that would permit Plaintiff's suit under *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658 (1978). And, finally, Plaintiff fails to demonstrate any personal involvement by Clerk Hudspeth or any basis for overcoming

Clerk Hudspeth's qualified immunity that would permit Plaintiff's claims against Clerk Hudspeth in her individual capacity.

**INTRODUCTION AND BACKGROUND**

Plaintiff alleges that on Election Day, November 7, 2023 (hereinafter "2023 general election" or "Election Day"), he "was not allowed to vote at his neighborhood" polling place. (Dkt. No. 1 at ¶ 19). Plaintiff alleges that he attempted to vote using his passport,[2] but that after checking their computer system three times, election clerks stated that he was not registered to vote. (Dkt. No. 1 at ¶¶ 21–25).

Plaintiff alleges that Karpiuk, who initially asked if Plaintiff had recently registered to vote, advised Plaintiff that Plaintiff's identification was irregular, that Plaintiff was "a troublemaker," and that Plaintiff would not be allowed to vote. (Dkt. No. 1 at ¶¶ 26–30). Plaintiff alleges that none of the election workers asked for assistance nor did they offer Plaintiff a provisional ballot. (Dkt. No. 1 at ¶ 30).

Plaintiff alleges that, after being turned away, he walked home and called the Harris County Clerk's Office for assistance—speaking with someone who took Plaintiff's information and advised Plaintiff to return to the same polling place after 3 hours. (Dkt. No. 1 at ¶ 31). Plaintiff returned, however, upon arrival, Karpiuk immediately "threatened Plaintiff with arrest for trespassing if Plaintiff didn't immediately leave." (Dkt. No. 1 at ¶ 32). Plaintiff stepped out and away from the polling place and again called the Harris County Clerk's Office for assistance. (Dkt. No. 1 at ¶ 33). Plaintiff alleges that he didn't receive any meaningful assistance from the Harris County Clerk's Office when he called back. (Dkt. No. 1 at ¶ 34).

---

[2]      Apparently anticipating confusion, Plaintiff brought "his Harris County Voter Registration Certificate, a copy of his certified birth certificate, a recent utility bill and a printout of the Texas Voter PhotoID law," to the polling place. (Dkt. No. 1 at ¶ 22). Plaintiff did not, however, carry his wallet or mobile phone to the polling place. (Dkt. No. 1 at ¶ 22).

3

Notably, Plaintiff does **not** allege that Plaintiff ultimately did not vote in the 2023 general election. In fact, public records show that Plaintiff did vote on November 7, 2023. *See* HARRIS CNTY. CLERK'S OFFICE, November 7, 2023 Joint General and Special Election – Official Voter Roster (Dec. 6, 2023), https://www.harrisvotes.com/Election-Results/Election-Rosters, https://appfiles.harrisvotes.com/harrisvotes/prd/Reports/1123%20Official%20Voter%20Rosters.zip (last visited Nov. 18, 2025).[3]

## ARGUMENT AND AUTHORITIES

**I.  RULE 12(B)(1) MOTION: PLAINTIFF'S CLAIMS AGAINST HARRIS COUNTY AND CLERK HUDSPETH SHOULD BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION.**

To avoid dismissal under Rule 12(b)(1), Plaintiff bears the burden of alleging "a plausible set of facts establishing" subject matter jurisdiction, including his Article III standing. *Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012); *Haverkamp*, 6 F.4th at 668; *Cornerstone Christian Sch. v. Univ. Interscholastic League*, 563 F.3d 127, 133–34 (5th Cir. 2009) ("[P]laintiffs must allege facts that give rise to a plausible claim of [their] standing."); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).

### A.  Plaintiff lacks standing.

Article III standing consists of three elements: (1) an "injury in fact"; (2) a "causal connection between the injury and the conduct complained of"; and (3) a likelihood "that the injury will be redressed by a favorable decision." *Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 332 (5th Cir. 2002) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). At the pleading stage, a plaintiff must "clearly allege facts demonstrating" every element of standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Warth v. Seldin*, 422 U.S.

---

[3]      Plaintiff's name and information, listed on Row 104760 of the spreadsheet titled "1123_VoterHistory," shows Plaintiff as having voted on November 7, 2023, at site 22128—the Comfort Inn and Suites located at 3555 FM 1960 Road, Houston, Texas 77068.

490, 518 (1975)) (cleaned up).

> **1.** ***Plaintiff does not allege an injury-in-fact.***

To satisfy the injury-in-fact requirement, Plaintiff must allege "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent not conjectural or hypothetical." *Ford*, 301 F.3d at 332.

Contrary to his burden to plead a concrete, particularized, and actual or imminent invasion of his legally protected interest, *id.* at 349 (*citing Lujan*, 504 U.S. at 560), Plaintiff here states that he "sustained no injuries related to the events alleged" in his complaint. (Dkt. No. 1 at ¶ 43). Plaintiff does not even allege that he was unable to cast a ballot in the 2023 general election, and the evasive nature of his factual allegations precludes any such inference. For example, Plaintiff states that "[o]n or about November 7, 2023 [he] was not allowed to vote ***at his neighborhood Harris County Precinct 0615 Election Center*** at Wells Middle School Auxiliary Gym Room, 4033 Gladeridge Drive, Houston TX 77068." (Dkt. No. 1 at ¶ 19) (emphasis added). But Plaintiff does not allege that he did not vote at another polling place, and since 2019, Harris County voters have been able to vote at any polling place in Harris County on election day under the "Countywide Polling Place Program." TEX. ELEC. CODE § 43.007; *see also*, TEX. SEC. OF STATE, Counties Approved to Use the Countywide Polling Place Program (CWPP) for the Nov. 4, 2025 Const. Amend. Election, *available at* https://www.sos.state.tx.us/elections/laws/countywide-polling-place-program.shtml (showing Harris County first designated as "successful" in CWPP in 2019, and thus authorized to continue county-wide voting under TEX. ELEC. CODE § 43.007(k)(2)) (last visited Nov. 19, 2025).

Throughout his complaint, Plaintiff couches his harm in vague and conclusory terms. *E.g.*, (Dkt. No. 1 at ¶ 4 ("deprivation of Plaintiff's constitutional rights"); ¶ 13 (alleging that Defendants

"violated Plaintiff's rights under 14th Amendment 'equal protection of the laws'"); ¶¶ 36–37 (alleging "deprivation of Plaintiff's Equal Protection Constitutional Rights")). But Plaintiff "fail[s] to identify any personal injury" that he has actually suffered "*as a consequence* of the alleged constitutional error, other than the psychological consequence presumably produced by observation of conduct with which one disagrees." *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 485 (1982) (emphasis in original). Claiming that "the Constitution has been violated" and "nothing else" is "not an injury sufficient to confer standing under Art. III, even though the disagreement is phrased in constitutional terms." *Id.* at 485–86. However, as stated *supra* at 4, Plaintiff is shown on the "Official Voter Roster" as having voted in the 2023 general election.[4]

### 2. *Plaintiff has not alleged causation.*

Plaintiff fails to demonstrate causation between Harris County or Clerk Hudspeth's conduct that is fairly traceable to Plaintiff's inability to vote at his neighborhood polling place. To show standing, a plaintiff must establish "a causal connection between the injury and the conduct complained of—the injury has to be 'fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.'" *Lujan*, 504 U.S. at 560–61 (quoting *Simon v. Eastern Ky. Welfare Rts. Org.*, 426 U.S. 26, 41–42 (1976)) (cleaned up).

Plaintiff alleges that Harris County and Clerk Hudspeth "maintained policies customs, or practices—including a failure to train, supervise, or discipline [their] ***employees*** properly—that

---

[4]     In reviewing a motion to dismiss, a court may take notice of matters of public record. *Hudgens v. Allstate Tex. Lloyd's*, No. H-11-2716, 2011 WL 6012602, at *3 (S.D. Tex. Dec. 1, 2011) (citing *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)). This does not transform a motion to dismiss into a motion for summary judgment. *See, e.g.*, *Funk v. Stryker Corp.*, 631 F.3d 777, 780, 783 (5th Cir. 2011). Furthermore, for purposes of the present motion, Defendants refer to these public records solely to demonstrate that Plaintiff's assertion of standing lacks plausibility.

resulted in the deprivation of Plaintiff's Equal Protection Constitutional Rights." (Dkt. No. 1 at ¶¶ 36–37) (emphasis added). Plaintiff asserts that Harris County "operates and administers the Office of the County Clerk and is responsible for establishing and implementing policies, practices and procedures for its **employees**, including the County Clerk and staff." (Dkt. No. 1 at ¶ 3) (emphasis added). Importantly here, Plaintiff's complaint appears to be based solely on the statements and actions of the election judge and election clerks at his local polling place on Election Day and not the conduct of any employees of Harris County or Clerk Hudspeth. (Dkt No. 1 at ¶¶ 10, 28–32, 40–42).

The Texas Election Code details the procedure for the appointment of election workers at election precincts. TEX. ELEC. CODE §§ 32.001–.056. Presiding and alternate election judges for each election precinct "**shall** be appointed" by a County commissioners court. *Id.* at §§ 32.001–.002 (emphasis added). Potential election judges are presented by lists created by the county chair of the political parties, and election judges "**must** be appointed from the list" by the commissioners court so long as the potential election judge meets applicable eligibility requirements. *Id.* at §§ 32.002(c)–(c-1) (emphasis added). Election clerks are then appointed by the presiding election judge of each precinct. *Id.* at § 32.031(a). Once appointed, election judges and clerks can only be removed, replaced, or reassigned by the County Clerk "[f]ollowing an oral warning to the election [worker] ***and with the concurrence of the county chair of the same political party with which the [worker] is affiliated or aligned***[.]" *Id.* at § 32.002(g) (election judges), § 32.034 (election clerks) (emphasis added).

While Clerk Hudspeth is required to provide training to election judges and clerks, TEX. ELEC. CODE § 32.114(a), that requirement is to "provide one or more sessions of training ***using the standardized training program and materials developed and provided by the secretary of***

7

*state*" and requires that "[e]ach election clerk shall complete ***the part of the training program*** relating to the acceptance and handling of the identification presented by a voter to an election officer." *Id.* (emphasis added).

To the extent Clerk Hudspeth has a duty to train, that duty relates to a "standardized training program and materials developed and provided by the secretary of state." *Id.*; *see also id.* at § 32.111 (stating that the Texas Secretary of State shall "adopt standards of training," "develop materials for a standardized curriculum for that training," and that the training standards "must include provisions on the acceptance and handling of the identification presented by a voter to an election officer under [TEX. ELEC. CODE §] 63.001.")

The Texas Election Code prescribes how election workers are determined, how they are trained, and how they may be disciplined. Nowhere in his pleadings does Plaintiff establish how the election judge or election clerks at his polling place were "employees" of Harris County or Clerk Hudspeth.[5] Nor does Plaintiff establish what "policies, customs, or practices" he alleges that Harris County or Clerk Hudspeth maintained.

Because Plaintiff does not draw a causal connection between Defendants' conduct—the vague "policies, customs, or practices" that Plaintiff asserts that Harris County and Clerk Hudspeth maintain—that is fairly traceable to Plaintiff's alleged injury—not being allowed to vote at his neighborhood polling place—Plaintiff has failed his burden in demonstrating causation to establish standing against Harris County or Clerk Hudspeth.

### 3. *Plaintiff has not alleged redressability.*

To establish standing, Plaintiff must show that it will be "'likely,' as opposed to merely

---

[5]    Election judges and clerks are entitled to compensation for services rendered at a polling place, TEX. ELEC. CODE § 32.091, however Plaintiff points to no caselaw or statute establishing that election judges and clerks are employees. *See also* Tex. Att'y Gen. Op. No. C-792 (1966) (differentiating between a county employee's "regular employment" and their "service as an election clerk").

'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan*, 504 U.S. at 561 (quoting *Simon*, 426 U.S. at 38, 34). Redressability "examines the causal connection between the alleged injury and the judicial relief requested." *Downstream Envtl., L.L.C. v. Gulf Coast Waste Disposal Auth.*, No. H-05-1865, 2006 WL 1875959, at *11 (S.D. Tex. July 5, 2006) (citing *Allen v. Wright*, 468 U.S. 737, 753 n.19, (1984), *abrogated on other grounds by*, *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 134 S. Ct. 1377, 188 L. Ed. 2d 392 (2014)).

Plaintiff concedes that he was not injured, (Dkt. No. 1 at ¶ 43), so Plaintiff's prayer for punitive damages is not causally connected to anything. Further, punitive damages are unavailable here. A municipality is immune from punitive damages under 42 U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

Plaintiff's suit against Clerk Hudspeth in her official capacity is, in essence, a suit against the governmental unit—Harris County—from which punitive damages are still unavailable. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (citing *Monell*, 436 U.S. at 690 n.55) (stating that "[o]fficial-capacity suits [. . .] generally represent only another way of pleading an action against an entity of which an officer is an agent [. . . and a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity").

To be permitted to punitive damages against an official in their personal capacity, a Plaintiff must show that the individual defendant's conduct is "motivated by evil motive or intent, or when [their conduct] involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). As stated *supra* at 6–8, Plaintiff has not alleged any facts regarding Clerk Hudspeth's conduct, let alone any factually-supported pleading, to show that Clerk Hudspeth acted with the requisite intent to permit punitive damages.

Plaintiff's request for "any and all other relief," (Dkt. No. 1 at ¶ 45), is too vague to establish redressability and Plaintiff has failed to plead any facts to support any type of injunctive relief—notably absent from Plaintiff's complaint is any allegation that Plaintiff continues to suffer any impediment to voting at his neighborhood polling place.

Because Plaintiff fails to meet his burden to plausibly plead redressability, Plaintiff has again failed to establish standing to support subject-matter jurisdiction.

## II.    RULE 12(B)(6) MOTION: PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

To survive a Rule 12(b)(6) motion to dismiss, the complaint must, on its face, state a claim for relief that is both "legally cognizable" and "plausible" based on the facts alleged. *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility assessment "involves a two-step inquiry." *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019). First, the court sifts the complaint's "well-pleaded factual content" from its "unsupported legal conclusions," "mere conclusory allegations," and "unwarranted deductions of fact." *Id.*; *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The court then determines whether the well-pleaded facts, taken as true, "plausibly give rise to an entitlement to relief," *Iqbal*, 556 U.S. at 679, which they do only if they "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### A.  Plaintiff fails to state a claim under the Equal Protection Clause.

To state an equal protection claim, a § 1983 plaintiff must allege either that (a) a state actor intentionally discriminated against him because of membership in a protected class, or (b) he has been intentionally treated differently from others similarly situated and that there is no rational

basis for the difference in treatment. *Gibson v. Texas Dep't of Ins.*, 700 F.3d 227, 238 (5th Cir. 2012).

Plaintiff makes no allegation that Harris County or Clerk Hudspeth intentionally discriminated against him due to his membership in a protected class nor does Plaintiff assert that he is a member of a protected class. Plaintiff also fails to sufficiently plead how he was intentionally treated differently from other similarly situated voters and fails to allege that there was no rational basis for any difference in treatment. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Plaintiff's complaint is merely conclusory and fails under Rule 12(b)(6).

**B. Plaintiff fails to state a claim under 42 U.S.C. § 1983.**

A § 1983 action is improper to address Plaintiff's claim that he was not permitted to vote at his neighborhood polling place.

To achieve the balance between "protection of the fundamental right to vote" with the "avoidance of excessive entanglement of federal courts in state and local election matters," federal courts faced with claims of election irregularities that violate due process and equal protection rights "have uniformly declined to endorse action under § 1983 with respect to garden variety election irregularities." *Broyles*, 618 F. Supp. 2d at 693–94 (quoting 3 JOSEPH G. COOK & JOHN L. SOBIESKI, JR., CIVIL RIGHTS ACTIONS § 8.04[E] (2008) (quoting *Griffin v. Burns*, 570 F.2d 1065, 1076 (1st Cir. 1978))).

To surpass the "garden variety" level, and thus be actionable under § 1983, an election irregularity must "implicate the very integrity of the electoral process, reaching a point of patent and fundamental unfairness." *Broyles* at 694 (quoting *Welch v. McKenzie*, 765 F.2d 1311, 1314 (5th Cir. 1985)) (cleaned up). A plaintiff does not surpass the "garden variety" level even where there is an arbitrary rejection of certain ballots. *Id.* (citing *Johnson v. Hood*, 430 F.2d. 610, 612–

13 (5th Cir. 1970), and listing other examples of "garden variety" irregularities deemed unactionable under § 1983). Federal relief is not appropriate where the appropriate remedy is under state election law. *Id.* at 696 (citing *Welch* at 1314).[6]

### 1. *Plaintiff's theory of liability against Harris County and Clerk Hudspeth in her official capacity fails under* Monell.

A plaintiff seeking to impose liability on a local government under § 1983 must prove that "action pursuant to official municipal policy" caused the plaintiff's injury. *Connick v. Thompson*, 563 U.S. 51, 61–62 (2011) (quoting *Monell*, 436 U.S. at 691) (emphasis added). Where a plaintiff sues a local governmental official in their official capacity, that suit is to be treated as against the local government. *Graham*, 473 U.S. at 165–66.

Plaintiff's claim that Harris County and Clerk Hudspeth "maintained policies, customs, or practices—including a failure to train, supervise, or discipline [their] employees properly—[which] resulted in the deprivation of Plaintiff's Equal Protection Constitutional Rights," (Dkt. No. 1 at ¶¶ 36–37), is threadbare and fails to overcome Plaintiff's burden to plead a plausible action. *See Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (stating that a claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (quoting *Iqbal*, 556 U.S. at 678).

Additionally, while a decision not to train employees may in limited circumstances overcome *Monell*, the failure to train must rise to the level of "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" *Connick*, 563 U.S. at 61–62

---

[6]     Texas election law allows the Texas Secretary of State to take appropriate action to protect the voting rights of the citizens of this state from abuse by the authorities administering the state's election processes," and upon receiving or discovering information indicating criminal conduct in an election, the Secretary of State shall promptly refer that to the Texas Attorney General. Tex. Elec. Code §§ 31.005, .006.

(citing *Canton v. Harris*, 489 U.S. 378, 388 (1989)).

Plaintiff points to no official policy by Harris County or Clerk Hudspeth that denied Plaintiff the ability to vote at his neighborhood polling place. Further, Plaintiff does not plead a plausible claim that Harris County or Clerk Hudspeth were deliberately indifferent to Plaintiff's rights. In contravention to a claim of deliberate indifference, Plaintiff's complaint establishes Clerk Hudspeth's office attempting to assist Plaintiff on Election Day. *See* (Dkt. No. 1 at ¶ 31).

Because Plaintiff can point to no official municipal policy nor to any deliberate indifference by Harris County, Plaintiff's claims fail under *Monell* and Plaintiff fails to state a valid § 1983 action against Harris County or Clerk Hudspeth in her official capacity.

### C. Plaintiff fails to state a cause of action against Clerk Hudspeth in her individual capacity.

To survive a 12(b)(6) motion, Plaintiff's claims against Clerk Hudspeth in her individual capacity must plead sufficient specific facts to establish that Clerk Hudspeth herself implemented a policy that is "itself a repudiation of constitutional rights and the moving force of the constitutional violation." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (quoting *Grandstaff v. City of Borger*, 767 F.2d 161, 169–70 (5th Cir. 1985)) (cleaned up). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983), *cert. denied*,  464 U.S. 897 (1983).

42 U.S.C. § 1983 does not create supervisory or *respondeat superior* liability. *Oliver*, 276 F.3d at 742 (citing *Alton v. Tex. A & M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999) ("Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983."); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability.")).

Here, Plaintiff has failed to allege or show any personal involvement by Clerk Hudspeth in his alleged claims regarding his inability to vote at his neighborhood polling place. Therefore, these is no basis for which Plaintiff can plausibly bring suit against Clerk Hudspeth individually.

### 1. *Plaintiff has not shown any waiver of Clerk Hudspeth's qualified immunity.*

Even if Plaintiff could maintain his action against Clerk Hudspeth in her individual capacity, Clerk Hudspeth is entitled to qualified immunity—which she invokes here—and Plaintiff cannot meet his burden to defeat Clerk Hudspeth's invocation of qualified immunity.

Qualified immunity protects governmental officials in their individual capacities "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Herschberger v. Lumpkin*, No. CV-H-18-2550, 2022 WL 4454392, at *7 (S.D. Tex. Sept. 21, 2022) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

Upon invoking qualified immunity, which Clerk Hudspeth has done here, the Plaintiff has the burden to demonstrate the doctrine's inapplicability. *Id.* (citing *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009)). To defeat qualified immunity in the face of a 12(b) motion, Plaintiff "must allege that the individual defendants violated [Plaintiff's constitutional right] and that [the individual defendants'] actions were objectively unreasonable in light of clearly established law as of the time of the violations." *Id. See also Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 305–06 (5th Cir. 2020). A plaintiff must successfully allege that the individual defendant "violated a statutory or constitutional right, and that the right was 'clearly established' at the time of the challenged conduct" to overcome qualified immunity. *Id.* at *8 (citing *Terwilliger v. Reyna*, 4 F.4th 270, 284 (5th Cir. 2021).

Here, Plaintiff points to no law, clearly established as of the 2023 general election,

14

demonstrating that Clerk Hudspeth's personal actions were objectively unreasonable in the face of Plaintiff's alleged constitutional right—the purported right to vote at a specific polling place.

Accordingly, because any of Plaintiff's claims against Clerk Hudspeth in her individual capacity are barred by the doctrine of qualified immunity, Plaintiff's claims fail to state a claim upon which relief may be granted and should be dismissed pursuant to Rule 12(b)(6).

## CONCLUSION

Because Plaintiff fails to meet his burden in establishing subject-matter jurisdiction and fails to state a claim upon which relief may be granted, this Court should grant Harris County and Clerk Hudspeth's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Dated: November 20, 2025                    Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G.C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND
FIRST ASSISTANT

**SARAH J. UTLEY**
MANAGING COUNSEL,
AFFIRMATIVE AND ENVIRONMENTAL

By:     */s/     Charles Shaw*
**CHARLES DAVID SHAW, JR.**
***Attorney-in-Charge***
Assistant County Attorney
Texas State Bar No. 24085951
SDTX Fed. Bar No. 3193599
charles.shaw@harriscountytx.gov

**EDWARD D. SWIDRISKI III**
Senior Assistant County Attorney
Texas State Bar No. 24083929
SDTX Fed. Bar No. 3089960
edward.swidriski@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**

15

1019 Congress Plaza, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5101
Facsimile: (713) 755-8924

**ATTORNEYS FOR HARRIS COUNTY AND HARRIS COUNTY CLERK TENESHIA HUDSPETH**

### CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2025, a true and correct copy of this motion and its attachments was electronically filed using the Court's CM/ECF system, which will send notification of such filing to all parties and counsel of record.

　　　*/s/   Charles Shaw*　　　　
**CHARLES DAVID SHAW, JR.**

### CERTIFICATE OF CONFERENCE

I hereby certify that, in accordance with this Court's Procedures 7(C)(1) and 7(P), that I notified Plaintiff Ward Schurman Larkin of the issues asserted the defendants' 12(b)(6) motion. Through email communications on November 17th and 18th, the parties conferred regarding the asserted issues in an attempt to resolve them. Ultimately, the parties tried but could not agree that the pleading deficiency could be cured in any part by a permissible amendment offered by Plaintiff.

　　　*/s/   Charles Shaw*　　　　
**CHARLES DAVID SHAW, JR.**