United States Courts
Southern District of Texas
FILED
DEC 09 2025
Nathan Ochsner, Clerk of Court

# United States District Court
## for the
## Southern District of Texas
## Houston Division

4:25-cv-05133

| | | |
|---|---|---|
| Ward Schurman Larkin, | § | |
| Pro Se Plaintiff | § | Case Number |
| | § | |
| v. | § | |
| | § | |

Harris County,
   Defendant #1,

Teneshia Hudspeth, Harris County Clerk,
   Defendant #2 in her official capacity and in her individual capacity,

John Resat Karpiuk, Harris County Precinct 0615 Election Center Judge,
   Defendant #3 in his official capacity and in his individual capacity.

### FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
No Jury Trial Requested

Parties to This Complaint

1. The Plaintiff, filing Pro Se.

      Ward Schurman Larkin
      15327 Pebble Bend Drive
      Houston, Texas 77068-1839
      Mobile Telephone 281-814-0308
      Email Address ward@excitatio.com

2.  Defendant #1,                    Attorney of Record
       Harris County, Texas           CHARLES DAVID SHAW, JR.
                                      Harris County Assistant Attorney
                                      1019 Congress Plaza, 15th Floor
                                      Houston TX 77002

3. Defendant Harris County is a political subdivision of the State of Texas and operates the Office of the County Clerk. The Harris County Commissioners Court appoints associated election judges. Plaintiff alleges Harris County maintained policies, customs or practices that caused a violation of Plaintiff's constitutional rights under color of state law, in violation of 42 U.S.C. § 1983.

4. Defendant #2 in her official and in her individual capacity,

       Teneshia Hudspeth, Harris         Attorney of Record
          County Clerk                   CHARLES DAVID SHAW, JR.
       201 Caroline St. Suite 460        Harris County Assistant Attorney
       Houston TX 77002                  1019 Congress Plaza, 15th Floor
       Phone: 713-274-8600                Houston TX 77002

5. Defendant, Teneshia Hudspeth, at all relevant times, was the duly elected County Clerk of Harris County acting under color of state law. The Harris County Clerk is responsible for training election judges and election clerks. Clerk Hudspeth is the final policymaker for election administration for Harris County for purposes of 42 U.S.C. § 1983 liability. Plaintiff sues Hudspeth in her official capacity (as a suit against Harris County) and individual capacity for her

personal actions and omissions that violated Plaintiff's clearly established constitutional rights.

6. Defendant #3 in his official and in his individual capacity,

> John Resat Karpiuk, Harris County Precinct 0615 Election Center Judge

> Serve with Process to
> John R Karpiuk
> 18807 Mountain Spring Dr
> Spring TX 7379

7. Defendant, John Resat Karpiuk, at all relevant times, was the duly appointed Harris County, Texas Precinct 0615 Election Center Judge at Wells Middle School Auxiliary Gym Room, 4033 Gladeridge Dr, Houston, Texas 77068, acting under color of state law and within the scope of his official duties.

8. Plaintiff sues Karpiuk in official capacity (as a suit against Harris County) and in his individual capacity for personal actions and omissions that violated Plaintiff's constitutional rights. Defendant Karpiuk's official authority arose from county-administered election functions.

## Basis for Jurisdiction

9. This action arises under the U.S. Constitution and laws of the United States of America, including 42 U.S.C. § 1983.

10. No federal officials are being sued.

11. Each Defendant violated Plaintiff's rights under 14th Amendment "equal protection of the laws". John Resat Karpiuk, Defendant #3, also violated Plaintiff's rights under First Amendment "freedom of speech", and 14th Amendment "due process of law".

12. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1343.

13. Venue lies in this Court under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in Harris County, Texas, within the Southern District of Texas.

14. This Court has supplemental jurisdiction over any related state-law claims that may arise from the same nucleus of operative facts under 28 U.S.C. § 1367.

Statement of Facts

15. On November 7, 2023 Plaintiff went to vote at his neighborhood Harris County Precinct 0615 Election Center at Wells Middle School Auxiliary Gym Room, 4033 Gladeridge Drive, Houston TX 77068. Plaintiff has been registered to vote in Harris County at his current residence for over twenty years.

16. Plaintiff arrived at about 1:30pm and approached two female election clerks. Plaintiff provided his U.S. Passport as PhotoID, along with his Harris County

Voter Registration Certificate. These two election clerks instead demanded to see Plaintiff's Texas Driver License.

17. Plaintiff only had his passport for Photo ID. He also had his Harris County Voter Registration Certificate, a copy of his certified birth certificate, a recent utility bill and a printout of the Texas Voter PhotoID law. Plaintiff had walked to this Election Center from his home. He did not carry his wallet or carry his mobile telephone.

18. The election clerks repeatedly demanded to see Plaintiff's Texas Driver License instead of accepting his U.S. Passport or Voter Registration Certificate and repeatedly claimed that he was not registered to vote. Plaintiff was also denied his legal right to cast a provisional ballot.

19. John Resat Karpiuk, Harris County Precinct 0615 Election Center Judge, approached Plaintiff and criticized Plaintiff for providing "irregular documentation". Plaintiff said that he had a printout of the Texas PhotoID law, but instead of looking at the printout, Karpiuk accused Plaintiff of trying to pick a fight. Karpiuk denied Plaintiff his right to vote at that Election Center.

20. Plaintiff left the Harris County Precinct 0615 Election Center and walked back home. At home Plaintiff telephoned the Harris County Clerk's Office. Plaintiff was asked to return to that Harris County Election Center after 3 hours.

21. Upon returning at about 4:30pm, Karpiuk immediately threatened Plaintiff with arrest for trespassing and forced him to leave.

22. Plaintiff subsequently was able to vote at an alternate location (official records confirm this), but was denied the ability to vote at his usual neighborhood Election Center, causing emotional distress and loss of choice in voting location, which is a concrete injury.

23. At the second Election Center, Comfort Inn and Suites located at 3555 Cypress Creek Parkway, Houston, Texas 77068, Plaintiff again encountered irregular and improper voter-ID procedures. The first election clerk told Plaintiff that he needed his Texas Driver License in order to vote. The second election clerk demanded to see Plaintiff's Texas driver license, even though Plaintiff presented his United States Passport.

24. Before Plaintiff was improperly denied the ability to vote a second time, the Election Center Judge at this second Election Center recognized Plaintiff, as she had played bridge with Plaintiff's parents. Upon recognizing Plaintiff, the judge

overrode the clerk's improper ID demand, confirmed Plaintiff's identity, and permitted his ballot to be processed.

25. The fact that election officials at both locations demanded a Texas Driver License — contrary to applicable voting law and procedure — demonstrates a systemic lack of training and standardized practices within Harris County's election administration. This failure resulted in Plaintiff being unlawfully prevented from voting at his own neighborhood Election Center and caused him further confusion, emotional distress, and harm.

## Claims for Relief
### First Claim
### 42 U.S.C. § 1983 — 14th Amendment Equal Protection, All Defendants

26. Plaintiff alleges that Defendants intentionally treated him differently from other registered voters without a reasonable basis.

27. Harris County and Clerk Hudspeth maintained policies and practices that failed to train election officials on proper ID verification and provisional ballots.

28. These customs, policies, or failures directly caused Plaintiff to be denied the right to vote at his neighborhood Election Center.

29. Defendant Karpiuk personally denied Plaintiff access, refused to follow proper election procedures, and intentionally singled him out.

## Second Claim
### 42 U.S.C. § 1983 — 14th Amendment Due Process, Defendant Karpiuk

30. Karpiuk's unilateral denial of voting at Precinct 0615 was fundamentally unfair, violating Plaintiff's procedural due process rights.

31. Karpiuk failed to offer Plaintiff a required provisional ballot, failed to seek guidance from the Clerk's office, and acted outside lawful authority.

## Third Claim
### 42 U.S.C. § 1983 – 1st Amendment Freedom of Speech, Defendant Karpiuk

32. Plaintiff engaged in protected speech by offering material printout information about Texas Voter PhotoID law.

33. Karpiuk retaliated against Plaintiff, accusing Plaintiff of trying to start a fight and denying him the opportunity to vote. Plaintiff's speech was a substantial or motivating factor in Defendant Karpiuk's decision to deny Plaintiff his vote.

## Injuries

34. Plaintiff suffered 1) denial of his right to vote at his neighborhood Election Center precinct, 2) unequal treatment compared to other registered voters, 3) heightened risk of erroneous deprivation, and 4) emotional distress, confusion, and fear of arrest. These are concrete and particularized injuries recognized under the Fourteenth and First Amendments.

## Relief Requested

35. Against individual defendants Teneshia Hudspeth and John Resat Karpiuk: compensatory damages for emotional distress and constitutional violations, and punitive damages for willful misconduct.

36. Against Harris County official capacity claims: injunctive relief to ensure proper training and procedures at all Harris County Election Centers, declaratory relief confirming Defendants' policies cannot violate voter rights.

37. Grant any other relief the Court deems just and proper.

I, Ward Schurman Larkin, agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Respectfully Submitted,

_Ward Larkin_      12-09-2025

Signature of Plaintiff      Date of Signing

Printed Name of Plaintiff **WARD LARKIN**